IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LISA WILLIAMS, | |
|    Plaintiff, | CIVIL ACTION FILE |
| v. | NO. 1:05-CV-2675-RWS-GGB |
| GREAT-WEST HEALTHCARE, GREAT-WEST LIFE & ANNUITY INSURANCE CO., PATTY NUZZO, KRISTI HOLT, and SHARON HAZELTON, | |
|    Defendants. | |

## **ORDER**

This action is before the court on Defendants' Motion for Sanctions. (Doc. 9). Defendants seek sanctions against Plaintiff's counsel under 28 U.S.C. § 1927 and Fed. R. Civ. P. 11 because, they argue, Plaintiff's Motion for Remand to State Court (Doc. 6) was predicated upon unreasonable and frivolous legal arguments. The pertinent facts are as follows:

On November 1, 2005, defense counsel sent a letter to Plaintiff's counsel regarding Plaintiff's counsel's contemplated Motion for Remand. (Doc. 8, Exh. 1). The letter documented applicable Supreme Court and 11th Circuit law and concluded:

> As the foregoing illustrates, any petition for remand filed by Plaintiffs would clearly lack a legal foundation. Federal Rule of

> Civil Procedure 11(b) is violated when an attorney files a motion that is not "warranted by existing law . . . ." In the event that Plaintiffs ignore the well-settled law supporting Defendants' right to remove these cases by seeking remands, I will feel compelled to seek sanctions in order to recover the unnecessary cost my client would incur in responding to these motions. I would prefer to avoid having to go down this path and, therefore, ask that you reconsider any intention of moving to remand . . . .

(Id.). Nevertheless, Plaintiff's counsel filed the Motion for Remand on November 8, 2005. (Doc. 6). Defendants filed the present Motion for Sanctions on November 28, 2005. (Doc. 9). Given that Defendants' Motion for Sanctions was filed only 20 days after Plaintiff's counsel filed the Motion for Remand, and given that there is nothing contrary in the record, the Court assumes that Defendants did not serve Plaintiff's counsel with a copy of the Motion for Sanctions 21 days prior to presenting it to the court. Plaintiff's counsel withdrew the Motion for Remand on December 15, 2005. (Doc. 14). Defendants have not withdrawn their Motion for Sanctions. Plaintiff's counsel has not responded to Defendants' Motion for Sanctions.

28 U.S.C. § 1927 states: "Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred

2

because of such conduct." "[I]n contradistinction to several of its sister circuits, [to sanction an attorney under § 1927] the Eleventh Circuit does not require an express factual finding by the Court that . . . counsel acted in deliberate bad faith, merely that counsel's conduct sunk so far beneath a reasonable standard of competence, much deeper than mere negligence, that it became essentially indistinguishable from bad faith." Cordoba v. Dillard's, Inc., 419 F.3d 1169, 1178 (11th Cir. 2005). In other words, Eleventh Circuit case law requires either "subjective bad faith, which may be inferred from reckless conduct" or "reckless conduct, which is considered tantamount to bad faith." Id. (internal quotations and citation omitted).

The court agrees with Defendants' response to Plaintiff's Motion for Remand that Plaintiff's counsel's arguments in support of remand to state court were entirely without support or foundation. (See Docs. 6, 8, 9); cf. Cordoba, 419 F.3d at 1182 ("Because Cordoba's claims, though weak, were not entirely without foundation, the district court's award of fees and expenses [under § 1927] constituted an abuse of discretion.") (internal quotations and citation omitted). Plaintiff's counsel's primary argument in support of remand to state court was that "there is no federal question to invoke original jurisdiction." (Doc. 6, Brief in Support at 3-9). However, in the same brief, Plaintiff's counsel acknowledged that his client's complaint alleged a violation of

3

federal law, namely Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. (Id. at 3). The law is clear that this case thus gives rise to federal jurisdiction. See, e.g., Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 63, 107 S.Ct. 1542, 1546 (1987) ("One category of cases over which the district courts have original jurisdiction are 'federal question' cases; that is, those cases 'arising under the Constitution, laws, or treaties of the United States.'" (quoting 28 U.S.C. § 1331)); BellSouth Telecomm., Inc. v. MCImetro Access Transmission Servs., Inc., 317 F.3d 1270, 1278 (11th Cir. 2003) (For "federal question" jurisdiction, "[t]he resolution of each issue need not depend completely upon an interpretation of federal law. For purposes of 28 U.S.C. § 1331 jurisdiction, all that is required is that there be an arguable claim arising under federal law."). Accordingly, Plaintiff's counsel's Motion for Remand was without support or foundation, and his conduct in filing said motion was reckless, especially in light of Defendants' letter to Plaintiff's counsel apprising him of the clarity of the applicable law. Therefore, the court finds that Plaintiff's counsel's filing the Motion for Remand was tantamount to bad faith and grants Defendants' request for § 1927 sanctions against Plaintiff's counsel.

In contrast to § 1927, Fed. R. Civ. P. 11 contains a "safe harbor" provision that requires the party seeking sanctions to serve the motion for sanctions upon his

4

adversary and afford him 21 days in which to withdraw or modify the objected-to submissions.  <u>See</u> Fed. R. Civ. P. 11(c)(1)(A).  The rule states in pertinent part: "A motion for sanctions under this rule . . . shall be served as provided in Rule 5, but shall not be filed with or presented to the court unless, within 21 days after service of the motion . . ., the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected."  (<u>Id.</u>).

Here, Defendants did not serve Plaintiff's counsel with a copy of the Motion for Sanctions 21 days prior to filing the motion with the court.  Thus, Defendants did not comply with Rule 11's "safe harbor" provision.  Moreover, Plaintiff's counsel withdrew the Motion for Remand within 21 days of Defendants' filing of the Motion for Sanctions, presumably when the motion was first served upon him.  Therefore, Defendants are not entitled to Rule 11 sanctions against Plaintiff's counsel.

In sum, for the aforementioned reasons, Defendants' Motion for Sanctions [Doc. 9] is **GRANTED in part** and **DENIED in part**.

The court directs that Defendants submit an affidavit detailing the expenses associated with their response to Plaintiff's Motion for Remand within ten (10) days from the date of this order.  Plaintiff's counsel will then be given ten (10) days to respond.

5

**IT IS SO ORDERED**, this 26th day of January, 2006.

                                                    /s/ Gerrilyn G. Brill
GERRILYN G. BRILL
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)